## Charles C. Hahne et al. *v.* A. F. Meyer, Appellant.

*Will—Devise—Fee simple estate—Rule in Shelley's case.*

A devise of a lot to a son " to have and hold the said lot during his natural life, and from and immediately after his death I give, devise and bequeath the same unto his heirs and assigns forever " gives the son a fee in the lot.

Argued Nov. 6, 1895. Appeal No. 247, Oct. T., 1895, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1894, No. 996, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the validity of title to real estate.

The case stated was as follows :

The above plaintiffs are devisees under the will of Henry Hahne, of certain lots of ground situate in Lower St. Clair township, Allegheny county, Penn'a, and designated in said will as lots Nos. 1, 2, 3, 4, 5, 6 and 7, fronting on Carbon street; and in May, 1894, plaintiffs agreed jointly to sell the defendant, free from all incumbrances, the seven lots owned by them, for the sum of $1,500 cash, and to make conveyance thereof to the defendant in fee simple by deeds of general warranty. That said deeds were made, acknowledged and tendered to the defendant, who refused to accept the same and pay the said purchase money. The cause of the refusal of said defendant to accept the said deeds and pay the said consideration is this : That he is advised that the title of the said plaintiffs to said lots is not a fee simple title, but is a life estate only, and therefore he is not bound to accept said conveyances and pay the purchase money thereon. The clause in the will of Henry Hahne, which is dated August, 1885, and registered in will book, volume 32, page 594, under which plaintiffs take title, is as follows (as appears by the devise to Chas. C. Hahne, all the other devises to the several plaintiffs being in precisely the same terms) : " Third, As to my real estate lying near the Methodist burying ground, in Lower St. Clair Township in the County of Allegheny, I devise and dispose of the same as follows : I give,

devise and bequeath unto my son, Chas. C. Hahne, a lot of ground numbered one (1), bounded on the South by Shafer's property, fronting sixty-eight (68) feet on Carbon street, and extending back, preserving that width, to Holtzer's property, together with all the improvements thereon, to have and to hold the said lot during his natural life, and from and immediately after his death I give, devise and bequeath the same unto his heirs and assigns forever."

If the court be of the opinion that the plaintiffs, as devisees under said will, have a fee simple title, then judgment to be entered for the plaintiffs in the sum of $1,500; but if not, then judgment to be entered for the defendant; the costs to follow the judgment, and either party reserving the right of appeal to the Supreme Court.

The court entered judgment for plaintiffs on the case stated. Defendant appealed.

*Error assigned* was entry of judgment as above.

*George H. Quaill, Charles W. Ashley* with him, for appellant.

*Charles A. O'Brien* for appellees.—The son took a fee: Steiner v. Kolb, 57 Pa. 123; Curtis v. Longstreth, 44 Pa. 297; Quillman v. Custer, 57 Pa. 125; Doebler's App., 64 Pa. 9.

PER CURIAM, January 6, 1896:

In this case stated judgment was rightly entered in favor of the plaintiffs and against the defendant for $1,500. There is nothing in either of the assignments of error that requires special notice. Neither of them is sustained.

Judgment affirmed.