# John Reutter, by his attorney in fact, James St. Clair McCall, *v.* Samuel K. McCall, Appellant.

*Will—Rule in Shelley's case—Devise.*

Testator after giving a life estate to his wife directed as follows : " And after her death or marriage to my legal heir during his natural life, and after his death, to his heirs and assigns forever." Testator left one child, a son. *Held*, that under the rule in Shelley's case, the son took an estate in fee simple.

Argued May 17, 1899. Appeal, No. 206, Jan. T., 1899, by defendant, from judgment of C. P. York Co., Aug. T., 1899, No. 11, on case stated. Before GREEN, McCOLLUM, MITCH-ELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine whether John Reutter had a marketable title for certain real estate which he took under the will of his father, John Reutter, Sr.

From the case stated it appeared that John Reutter (father of the plaintiff above named) late of Windsor township, York county, Pennsylvania, died seized in fee simple, inter alia, of the premises hereinafter referred to, and, being so seized, made his said will and testament in writing, since his death duly probated and remaining of record in the office of the register of wills for York county, which will is in words following, to wit:

" I, John Reutter, of Windsor township, in the county of York, and state of Pennsylvania, being of sound mind, memory and understanding, do make and publish this my last will and testament, hereby revoking and making void all former wills by me at any time heretofore made.

" First. I direct all my just debts and funeral expenses to be fully paid and satisfied as soon as conveniently may be after my decease.

" Item. I give and bequeath to my beloved wife, Catherine Reutter, all my estate, personal, real and mixed of whatsoever kind, to have and to hold during her natural life or so long as she remains my widow, and after her death or marriage to my legal heir during his natural life, and after his death, to his heirs and assigns forever.

"And lastly, I nominate, constitute and appoint my son John Reutter to be the executor of this my last will and testament.

"In witness whereof, I, John Reutter, the testator, have to this my last will and testament set my hand and seal this twenty-first day of June, A. D., one thousand, eight hundred and sixty-seven.

his
"JOHN  ✕  REUTTER."
mark.

Letters testamentary upon the foregoing will were in due form of law granted to John Reutter, the executor therein named on February 24, 1868.

John Reutter, the testator, left to survive him only his widow, Catherine Reutter, and his son, John Reutter, the plaintiff above named. Catherine Reutter did not marry again after the death of John Reutter, her husband, but died intestate many years ago; John Reutter, the testator, never married any one other than the said Catherine Reutter. Children, other than John Reutter, the above named plaintiff, had been born to the said testator, but all had died in infancy, unmarried and without issue, previous to the execution of the will above recited.

On April 21, 1899, the said John Reutter, by his attorney in fact, James St. Clair McCall, by certain articles of agreement in writing, agreed to sell to Samuel K. McCall certain premises, situated in Windsor and Lower Windsor townships, York county, containing twenty acres and fourteen perches of land, subject to the dower interest of Emma J. Reutter, wife of John Reutter, the above named plaintiff therein, should she, the said Emma J. Reutter, survive the said John Reutter, and to convey the same on April 22, 1899, unto the said Samuel K. McCall by a good and lawful deed in fee simple. In consideration whereof the said Samuel K. McCall agreed to pay for the said premises the sum of one thousand and ten dollars ($1,010) and to secure the same by a purchase money mortgage, upon the premises agreed to be purchased, upon the execution and delivery to him of the deed of conveyance.

On April 22, 1899, John Reutter, pursuant to the written agreement above referred to, executed and tendered to the said Samuel K. McCall a deed conveying to the said Samuel K. Mc-Call the premises fully described in said written agreement, in

fee simple, subject to the dower interest of Emma J. Reutter, wife of the above named plaintiff, John Reutter, therein, should she, the said Emma J. Reutter, survive the said John Reutter. Samuel K. McCall on April 22, 1899, refused to accept the said deed, tendered as aforesaid, and refused to execute and deliver the purchase money mortgage, and averred as his reason for declining to accept the said deed and to execute and deliver the said mortgage, that John Reutter, the above named plaintiff, acquired under the will of his father, the late John Reutter, deceased, only a life estate in the premises described in the articles of agreement above mentioned, and that the title conveyed by the deed to him tendered as above set forth, did not convey the said premises to said Samuel K. McCall, in fee simple, subject only to the dower interest of Emma J. Reutter, wife of the said John Reutter therein, should she, the said Emma J. Reutter, survive the said John Reutter.

The court entered judgment for plaintiff on the case stated, citing Grimes v. Shirk, 169 Pa. 74.

*Error assigned* was the judgment of the court.

*Samuel K. McCall*, for appellant, cited Hileman v. Bouslaugh, 13 Pa. 344.

*James St. Clair McCall* and *Latimer & Schmidt*, for appellee, were not heard.

PER CURIAM, May 24, 1899 :

There is no possible doubt, under all the authorities, that John Reutter took an estate in fee under the will of his father in the land in question. The question presented is only an ordinary instance of the direct application of the rule in Shelley's case. The whole subject was so fully discussed in the opinion of the lower court in the case of Grimes v. Shirk, 169 Pa. 74, that a mere reference thereto is sufficient.

Judgment affirmed.