## Leonard, Appellant, *v.* Leister.

*Wills—Real estate—Fee simple title—Rule in Shelley's case.*

Where a testatrix provides in her will "I further give and devise to my youngest son, and to his heirs," a certain piece of real estate "to hold to him . . . . and to his heirs after him forever. I order that he has no power or right to sell or convey the aforesaid messuage or tenement of land away, as he has only a life estate in said messuage of land, as I will and order the aforesaid messuage of land to his heirs at his decease," the son takes a fee simple title in the land on testatrix's death under the rule in Shelley's case.

Argued Oct. 11, 1911. Appeal, No. 162, Oct. T., 1911, by plaintiffs, from judgment of C. P. Butler Co., Sept. T., 1909, No. 4, on verdict for defendants in case of W. E. Leonard et al. *v.* Frank Leister et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART, and MOSCHZISKER, JJ. Affirmed.

Ejectment for land in Parker township.

GALBREATH, P. J., charged the jury as follows:

This is an action of ejectment brought by the plaintiffs

against the defendants for the recovery of a tract of land situated in Parker township, this county. Ejectment is an action which is brought for the recovery of real estate which the plaintiffs claim they are entitled to possession of but which is in possession of some one else.

In this case the plaintiffs claim that this land described in the pleadings and præcipe and writ in this case is their land, and not the land of the defendants. We learn from the evidence that back in 1863 this land belonged to a woman by the name of Ann Lee Leonard, and that she was residing on the land at that time; that in that year she made a will by which she disposed of the land in the following manner. I will read that portion of the will: "I further give and devise to my youngest son, Simeon T. Leonard, and to his heirs, all that messuage or tenement of land which I now reside on, lying and being in Parker township, Butler county, together with all my household estate whatsoever to hold to him, the said Simeon T. Leonard, and to his heirs after him, forever. I order that Simeon T. Leonard has no power or right to sell or convey the aforesaid messuage or tenement of land away as he has only a life estate in said messuage of land, as I will and order the aforesaid messuage of land to Simeon T. Leonard's heirs at his, Simeon T. Leonard's, decease."

That, gentlemen, is the provision of the will by which Ann Lee Leonard disposed of this land, and you will observe that she does so by giving it to her son, Simeon T. Leonard.

On the part of plaintiffs in this case, it is claimed that under this will Simeon T. Leonard did not take an absolute estate or fee simple title to this land, but only took a life estate, and that after his death it would go to his children.

On the other hand, defendants claim that under the language of the will and under the rules of law applicable that he, Simeon T. Leonard, took an absolute estate, a fee simple estate, in the land, which would entitle him to convey it away, and that it did not go to his children after

his death, necessarily, and upon the construction to be given to this will depends what your verdict in the case should be. I may say that this case was tried in this court at a previous time and the verdict rendered at that time not being supported by the testimony, as the court thought, it was set aside and a new trial directed, but inasmuch as the case turns, as we think, necessarily upon the construction of this will, it will be a matter for the court to direct what the verdict of the jury should be, because the construction of the will is a matter for the court and not for the jury.

Now the present plaintiffs are the children of Simeon T. Leonard, mentioned in this will. The evidence discloses that after the death of Ann Lee Leonard, her son, Simeon T. Leonard, mentioned in the will, went into possession of the land, and he conveyed it away for a valuable consideration to M. S. Adams, and made deed for it to Adams. The testimony also discloses that Adams conveyed the land and it has changed hands frequently, by sale or leases for oil and gas purposes, since the time it was sold to Adams, which was in 1871. So the children of Leonard have brought this suit claiming that it belongs to them, their position being that their father simply had a life estate in the land.

There is a rule of law, gentlemen, which has come down to us through many generations, in fact, which we inherit from England, and is older than our commonwealth, and known as the rule in Shelley's case, which you have heard mentioned by the counsel in the argument. Under that rule, where one by will devises land to another and to his heirs forever, or heirs after him, the rule of law steps in and says that gives to him an absolute title or fee simple in the land, even if in the same will he undertakes to modify that by directing how the land shall be enjoyed or that it shall not be conveyed away by the first taker. The rule of law is inexorable and says that the first taker will take a fee simple in the land and may convey it away.

With that explanation I will call your attention to the

language of the will: "I further give and devise to my youngest son, Simeon T. Leonard, and to his heirs, all that messuage or tenement of land which I now reside on, lying and being in Parker township, Butler county, together with all my household estate whatsoever to hold to him, the said Simeon T. Leonard, and to his heirs after him forever. I order that Simeon T. Leonard has no power or right to sell or convey the aforesaid messuage or tenement of land away, as he has only a life estate, in said messuage of land, as I will and order the aforesaid messuage of land to Simeon T. Leonard's heirs at his, Simeon T. Leonard's, decease."

On the part of plaintiffs it is claimed that he meant by his heirs his children, and that the court should so construe it here; that by the subsequent language that at his death it should go to his heirs, they say by that fact that it is evident he meant his children, and especially in the light of other reference made in the same will, that certain children are his heirs.

Now, gentlemen, we have considered this matter and considered it quite at length on the former trial of this case to which we have referred, and we have come to the conclusion that Simeon T. Leonard, under the will and under the rule of law to which we have referred, took a fee simple title to this land. To show that it meant otherwise than heirs generally when she used the language, it would have to appear, as the Supreme Court has said, unequivocally and without mistake, and, as the same court has said, the rule of law is inexorable and is applied arbitrarily and inexorably where the language of the will bears it out. The wisdom of the rule has often been doubted and called in question, and sometimes works hardship, but it has become a rule of property and recognized as a rule of law for so many generations that if now set aside it would result in upsetting and turning over a great many titles in the commonwealth, and for that reason whatever hardships follow its application, in the view of the legal fraternity, would be more than off-

set by the hardship consequent on the overturning of titles, and so the courts have held to the rule through all these years, and, as I have said, in the judgment of the court in the case we are trying, we believe that the weight of the authorities is in favor of a construction of this will which will allow a fee simple title to vest in Simeon T. Leonard and not simply a life estate, to go to his children after his death, and inasmuch as Leonard treated it as a fee simple in himself by conveying it to Adams, who, in turn, conveyed to others who have been holding the land for some forty years, we say to you, gentlemen, that Leonard did take a fee simple title in the land, and, having conveyed it away to the defendants in the case, that their title cannot now be taken from them in this action, and under all the evidence in the case and law applicable it is your duty to render a verdict in favor of the defendants, and that you may do without leaving the box, if you so say. Do you all so say?

The plaintiffs have asked for binding instructions in their favor. That request for binding instructions in favor of the plaintiffs is refused.

Let the verdict be recorded in favor of the defendants.

Verdict and judgment for defendants, plaintiffs appealed.

*Error assigned* was direction of verdict for defendants.

*R. W. Irwin,* with him *James A. Wiley* and *Wilson & McQuistion,* for appellants.—The word "heirs" meant children: Miller v. Lynn, 7 Pa. 443; Perrin v. Blake, 4 Burr. 2579; Haverstick's App., 103 Pa. 394; Wettach v. Horn, 201 Pa. 201; Sheets' Est., 52 Pa. 257; Urich v. Merkel, 81 Pa. 332.

*T. C. Campbell,* with him *A. E. Middleton* and *L. M. Wise,* for appellees.—The word "heirs" when used in a will is to be understood in its legal or technical sense, unless there be something in the context showing that the

testator meant it to be understood in its popular sense: Beck's Est., 225 Pa. 578; Seybert v. Hibbert, 5 Pa. Superior Ct. 537; Moyer's Est., 12 Pa. C. C. Rep. 137.

The will of Mrs. Leonard contains no evidence of an intention to limit the estate of Simeon, or tending to show that the word "heirs" meant children: Criswell's App., 41 Pa. 288; Bassett v. Hawk, 118 Pa. 94; Grimes v. Shirk, 169 Pa. 74; Reutter v. McCall, 192 Pa. 77; Brinton v. Martin, 197 Pa. 615.

Where a vested estate is distinctly given, and there are annexed to it conditions, limitations, powers, trusts or other restraints relative to its use, management or disposal that are not allowed by law, it is these restraints, and the estates limited on them, that are void, and not the principal or vested estate: Phila. v. Girard, 45 Pa. 9; Walker v. Vincent, 19 Pa. 369; Kaufman v. Burgert, 195 Pa. 274.

A fee is taken by the first taker, notwithstanding a life estate is given him and he is forbidden to alienate: Reifsnyder v. Hunter, 19 Pa. 41; Naglee's App., 33 Pa. 89; Curtis v. Longstreth, 44 Pa. 297; Kepple's App., 53 Pa. 211; Criswell's App., 41 Pa. 288; Doebler's App., 64 Pa. 9; Sheeley v. Neidhammer, 182 Pa. 163.

PER CURIAM, January 2, 1912:

The facts are very clearly stated in the charge of the learned judge of the common pleas. In the opinion of the majority of the court there was no error in directing a verdict for the defendants.

The judgment is affirmed.