# Roth *v.* Cohn, Appellant.

*Wills—Construction—Estate in fee simple—Rule in Shelley's Case.*

Where a testator devises all of his real estate to his five children "for and during the term of their natural lives respectively, and on the decease of any of them leaving issue then I give and devise the share of such child so dying (supposing that he or she had an equal share in fee of my real estate aforesaid) to such issue in fee simple," each of the five children takes an estate in fee simple in his or her share.

Argued March 26, 1912. Appeal, No. 113, Jan. T., 1912, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1907, No. 5951, for plaintiff on case stated in suit of Claude L. Roth, master, v. Harry Cohn. Before Fell, C. J. Mestrezat, Potter, Stewart and Moschzisker, JJ. Affirmed.

Case stated to determine title to real estate. Before WILLSON, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Henry Arronson,* with him *Max Herzberg,* for appellant.—The intention of testator should control: Biddle's App., 99 Pa. 525; McKee's App., 104 Pa. 571; Osbourn's App., 104 Pa. 637; Webb v. Hutchins, 105 Pa. 91.

The will fixes a definite time within which the failure of issue must happen. Robins v. Quinliven, 79 Pa. 333; Grimes v. Shirk, 169 Pa. 74; Dufour v. Bubb, 199 Pa. 107; Oliver's Est., 199 Pa. 509; Hill v. Giles, 201 Pa. 215; Gernet v. Lynn, 31 Pa. 94; Powell v. Board of Domestic Missions, 49 Pa. 46; Taylor v. Taylor, 63 Pa. 481.

A limitation over to survivors or persons in being after the death of the first taker without issue, raises a strong presumption that the testator did not contemplate an indefinite failure of issue: Stoner v. Wunderlich, 198 Pa. 158; Franci's Estate, 4 Pa. D. R. 694.

Testator refers to a definite failure of issue: Abott v. Jenkins, 101 S. & R. 296; Way v. Gest, 14 S. & R. 40.

On the death of any of the testator's children, without issue, or having issue, who should die in their minority, there is a further limitation over to his other child or children in the same manner as he had given and devised his real estate. Powell v. Board of Domestic Missions, 49 Pa. 46; Taylor v. Taylor, 63 Pa. 481; Eichelberger v. Barnitz, 9 Watts 447.

*Frederick J. Shoyer,* for appellee.

OPINION BY MR. JUSTICE STEWART, May 22, 1912:

The appeal is from judgment on a case stated, and the question we have to decide is one of title to land acquired under the last will of Charles Brechemim, deceased. The language of the devise was as follows: "I give and devise all my real estate situated in Philadelphia to my five children for and during the term of their natural lives respectively, and on the decease of any of them leaving issue, then I give and devise the share of such child so dying (supposing that he or she had an equal share in fee of my real estate aftersaid) to such issue in fee simple. But if any of my children shall die without issue, or having issue, and such issue shall die before arriving at the age of twenty-one years, then it is my will, and I hereby order and direct that the share of such child so dying (supposing that he or she had an equal share in fee of my real estate) shall be disposed of and enjoyed in the same manner as I have given and devised my real estate aforesaid. And should all my children die without issue, then it is my will, and I hereby order and direct that my said real estate shall go to my heirs in fee." If those to whom the estate over was given were to take derivatively as heirs through the first takers, then, notwithstanding the words "for and during life" occurring in the devise to them, the estate in each first taker would be an estate in tail which by our statute would be enlarged into a fee simple. A clear presumption arises from the language employed in connection with the gift over, viz, "on the decease of any of them leaving issue, then I give and devise the share of such child so dying to such issue in fee simple," that this was the intention of the testator. Not only so, but where as here the gift over is to persons standing in the relation of heirs general of the tenant for life, designated in the will as issue, the presumption of intention on part of testator that they shall take as heirs, is strengthened to a degree that it can be overcome only where the

intent not to use the word in its legal sense is so unequivocally shown that no one can misunderstand it. McKee v. McKinley, 33 Pa. 92; Guthrie's App., 37 Pa. 9; Arnold v. Muhlenberg College, 227 Pa. 321. We discover nothing in this will that indicates any other intent than that which the law presumes from the language used, and that, as we have said, clearly imports an estate of inheritance in the first takers, and that the remaindermen are to take through them. The gift over in the event of the first takers dying without issue. Under all our authorities these words in the absence of language disclosing a different intent, import a general indefinite failure of issue. Here again, the intent to use the words in a different sense than that the law implies must unequivocally appear before the legal presumption yields. Arnold v. Muhlenberg College, supra. The case last cited is so recent and contains such a full and satisfactory discussion of the questions raised that any further discussion of them here is unnecessary. We are of opinion from an examination of this will that it points, not to individual acquisition by those succeeding to the first takers, but, on the contrary, that heritable succession was intended. It follows that the children of testator each took an estate in fee simple under the devise. This was the determination of the court below, and in that we concur. The assignments of error are overruled and the judgment is affirmed.