## McElwain *v.* Whitacre, Appellant.

*Real property—Wills   Devises—Life estates—Remainders—Rule in Shelley's Case.*

1. Where it is clear from the language of a devise that an estate in remainder is limited to the lineal heirs of the life tenant, the life estate is enlarged into an estate in fee, by operation of law, regardless of the testator's intention.

2. Where a testator devised to his daughter a certain designated farm "to have and to hold the same during her natural life, then the said farm to pass to her heirs," the Rule in Shelley's Case applied and the daughter took an estate in fee simple in the farm.

Argued September 29, 1915. Appeal, No. 176, Oct. T., 1915, by defendant, from judgment of C. P. Armstrong County, March T., 1915, No. 260, for plaintiff for want of a sufficient affidavit of defense in case of Susan Matilda McElwain and Samuel J. McElwain, her husband, v. J. L. Whitacre. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit for the purchase-money of land, due under an agreement of sale.

Rule for judgment for want of a sufficient affidavit of defense.

KING, P. J., filed the following opinion:

This is an action in assumpsit brought to recover the sum of $4,995.00 with interest from February 18, 1915, which is alleged to be due plaintiffs from defendant, as unpaid purchase-money—upon an article of agreement made and executed February 13, 1915, whereby plain-tiffs agreed to convey to the defendant one hundred and twenty-five acres of land situated in Cowanshannock Township, Armstrong County, for the consideration of $5,000.00.

The defendant admits the execution of the contract and the terms thereof but by affidavit of defense, filed, denies his liability solely on the ground that Susan M. McElwain, has a life estate in said land, and that plain-tiffs have no other or greater title, and therefore are unable to convey to him a title in fee as they covenanted and agreed to do under and by virtue of said contract or written agreement. Susan M. McElwain is a daughter of Simon Beck, late of Wayne Township, said county, and claims title to said land by virtue of a devise to her contained in the last will and testament of Simon Beck, deceased—the eleventh clause thereof being in the following words: "I give and bequeath to my daughter, Susan M. McElwain, my farm situated in Cowanshannock Township, in said County of Armstrong, known as the S. J. Elgin farm, with all the appurtenances thereto belonging, to have and to hold the same during her natural life, then the said farm to pass to her heirs."

In the affidavit of defense it is contended as follows: "That under said will the defendant is advised and informed that the plaintiff only has a life estate in the land, and that the said Susan Matilda McElwain, by virtue of said will, cannot convey a marketable title, such as she agreed to do under the agreement of purchase."......"By reason of the above premises and the failure of the plaintiff to convey a marketable title, such

as she agreed to do, defendant admits that he did refuse and does still refuse to accept the deed as tendered to him for the premises," and generally for said reason refuses to pay the balance of the purchase-money due.

There is but one question involved and that is: did Susan M. McElwain, under said devise take an estate in fee simple in the said land or merely a life estate.

It seems to us that the language of this devise is so clear and comes so manifestly within the rule in Shelley's Case, that no argument or discussion is necessary. We will content ourselves with the citations of a few of the principles governing in such cases and several authorities which support them.

"In determining whether the rule in Shelley's Case is applicable, the test is how the donees in remainder are to take. If as purchasers under the donor then the particular estate is limited by the literal words of the deed and the rule has no application. But if the remaindermen are to take as heirs of the donee of the particular estate, then what has been called the superior intent, as declared in Shelley's Case, operates and the first donee takes a fee whatever words may be used in describing the estate given to him."

"The rule in Shelley's Case is a rule of law and not of construction. Where a case falls within it, it applies inexorably without reference to intent": Shapley v. Diehl, 203 Pa. 566; also see Kirby's Est., 235 Pa. 542; Davis v. Van Horn, 241 Pa. 144.

In this instance, it is clear that the estate in remainder was to go to the lineal heirs of the first taker, hence the estate in the first taker was enlarged into an estate in fee, by operation of law, regardless of the testator's intention.

Among the earlier cases we also refer to Carson v. Fuhs, 131 Pa. 256; Price v. Taylor, 28 Pa. 95; Yarnall's App., 70 Pa. 335.

Many other cases might be cited, but in our opinion the present case is ruled by the cases above cited. We

therefore hold and decide that Susan M. McElwain, by virtue of the devise contained in the will of Simon Beck, took a fee simple title to the land mentioned and is able to convey such title to a purchaser.

It therefore follows that the defendant was in default in refusing to pay the balance of the purchase-money in accordance with the contract and that his affidavit of defense is insufficient to prevent judgment.

The court made absolute the plaintiff's rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was the order of the court.

*C. E. Harrington,* for appellant.

*H. A. Heilman,* for appellee.

PER CURIAM, January 3, 1916:

The judgment is affirmed on the opinion of the learned court below entering judgment for want of a sufficient affidavit of defense.