## Glenn, Appellant, *v.* Stewart.

*Wills—Devise—Rule in Shelley's Case.*

1. A devise of real estate to a son, with a direction that the son "shall not alien, sell, assign, mortgage, or in any manner encumber any of the lands or real estate bequeathed to him by me during his natural life, but the same shall descend to his legal heirs," gives a fee simple estate to the son under the rule in Shelley's Case.

*Practice, C. P.—Ejectment—Judgment on pleadings—Appeals.*

2. The appellant in an ejectment cannot complain that the lower court disposed of the case on the pleadings, where the record shows that there was no issue of fact, and that appellant was the first to treat the case as one of law and moved for judgment on the pleadings.

Argued April 28, 1919. Appeal, No. 152, Jan. T., 1919, by plaintiff, from judgment of C. P. Erie Co., Sept. T., 1917, No. 116, for defendant on the pleadings in case of Henry Glenn v. John Stewart. Before BROWN, C. J.,

FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Ejectment for land in Millcreek Township. Before WHITTELSEY, J.

The court entered judgment for defendant on the pleadings. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*M. Levant Davis,* with him *Charles P. Hewes,* for appellant.—It would seem as if this case is ruled by the cases of Urich v. Merkel, 81 Pa. 332, and Urich's App., 86 Pa. 386.

*Charles A. Mertens* and *S. Y. Rossiter,* for appellee.— A devise to a son, he not to sell, and at his death to his heirs and assigns forever vests a fee in the son: Stout's Est., 1 Wilcox 9; Stout's Est., 6 Lack. Jur. 354; Doebler's App., 64 Pa. 9; Breinig v. Oldt, 45 Pa. Superior Ct. 629; Cockins & Harper's App., 111 Pa. 26; Kleppner v. Laverty, 70 Pa. 70; Reutter v. McCall, 192 Pa. 77; Hahne v. Meyer, 173 Pa. 151; Curry v. Patterson, 183 Pa. 238; Naglee's App., 33 Pa. 89; Leonard v. Leister, 233 Pa. 475; Sheeley v. Neidhammer, 182 Pa. 163.

OPINION BY MR. JUSTICE WALLING, June 21, 1919:

This action of ejectment turns upon whether a devisee took a fee or a life estate. Walter Glenn, late of Millcreek Township, Erie County, died about 1873, and his last will, duly probated, provides, inter alia, "I give and bequeath to my son, James A. Glenn, my homestead farm on which I now reside situated in Millcreek township, Erie County, Pa., and containing about 55 acres, more or less. I also give and bequeath to my said son James A. Glenn my farm known as the William Robeson Farm situated in Millcreek township, Erie County......containing 26 acres of land, more or less......I further

order and direct that my said son James A. Glenn shall not alien, sell, assign, mortgage or in any manner encumber any of the lands or real estate above bequeathed to him by me during his natural lifetime but the same shall descend to his legal heirs." In 1878 the land last above mentioned was sold by the sheriff, on an execution against James A. Glenn, as his property, and bought by the defendant. He died in 1916, and thereafter his only child and heir, the plaintiff, brought this ejectment for the land so purchased by defendant. There are no disputed facts and each party moved for judgment in his favor upon the pleadings, pursuant to the Act of June 7, 1915, P. L. 887. Thereupon the court below, after argument and upon due consideration, entered judgment for the defendant; from which plaintiff brought this appeal.

The judgment was rightly entered as the rule in Shelley's Case applies, "That whenever a man, by any gift or conveyance takes an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs in fee or in tail, the word 'heirs' is a word of limitation and not of purchase": 34 Cyc. 1819. It has been followed in a multitude of our cases; we will only refer to: Com. T. Ins. & Tr. Co. v. Gross, 261 Pa. 476; Mylin v. Hurst, 259 Pa. 77; Reutter v. McCall, 192 Pa. 77; Hahne et al. v. Meyer, 173 Pa. 151; Grimes v. Shirk, 169 Pa. 74; Hiester v. Yerger, 166 Pa. 445; Cockins and Harper's App., 111 Pa. 26; Breinig v. Oldt, 45 Pa. Superior Ct. 629. The word "heirs" is a word of limitation and not of purchase (Appeal of Cockins and Harper, supra; Yarnall's App., 70 Pa. 335, 342; Criswell's App., 41 Pa. 288; McKee v. McKinley, 33 Pa. 92), and the plaintiff as the child of James A. Glenn inherits from him and not as a devisee under the will of Walter Glenn. This thought is emphasized in the last clause above quoted, "the same shall descend to his (James A. Glenn's) legal heirs." The use of the word "descend" clearly makes the first taker the source of title

for his heirs.   See Lauer v. Hoffman, 241 Pa. 315; Curry v. Patterson, 183 Pa. 238; Guthrie's App., 37 Pa. 9.

The contention that a fee vested in James A. Glenn is stronger here than in many of the cases cited, for the devise to him of the land in the first above quoted clause of the will, under the Act of April 8, 1833, P. L. 250, par. 9 (4 Stewart's Purdon, p. 5137), vests in him an estate of inheritance, not cut down by the subsequent language forbidding the sale or encumbrance of the property, which provision is void as an attempted restraint upon alienation.   The power of alienation is necessarily and inseparably incident to an estate in fee and cannot be destroyed by any condition in the grant or devise under which such estate vests: Doebler's App., 64 Pa. 9; Kepple's App., 53 Pa. 211; Jauretche v. Proctor, 48 Pa. 466, 471; Naglee's App., 33 Pa. 89; Reifsnyder v. Hunter, 19 Pa. 41; Walker et ux. v. Vincent, 19 Pa. 369.   The contention that the estate in James A. Glenn is reduced to one for life by the fact that the restriction upon alienation continues during his natural lifetime is not tenable. That simply attempts to reduce his power over the property, not his interest therein; while to cut down a fee previously given to an estate for life requires clear and unequivocal language.   See Hoopes's Est., 231 Pa. 232; Kreb's Est., 184 Pa. 222; McIntyre v. McIntyre, 123 Pa. 329.

The rule in Shelley's Case is a fixed rule of law, not depending upon the intention of the testator, in fact it generally does violence thereto and is applied even contrary to his express direction: See McElwain v. Whitacre, 251 Pa. 279; Leonard v. Leister, 233 Pa. 475.   It subordinates the particular to the general intent. · The question is not what the testator meant but what is the meaning of his words: Hancock's App., 112 Pa. 532; as to that this case is free from doubt.

Appellant complains because the lower court disposed of the case as one of law upon the pleadings; but such complaint is without merit as the whole case depends

upon the record and there is no issue of fact. Even the sheriff's sale is expressly admitted in appellant's printed argument. Aside from that he was the first to treat the case as one of law and moved for judgment on the pleadings. So far as appears there was no suggestion in the court below of any disputed question of fact, nor in reality is there here.

The assignments of error are overruled and the judgment is affirmed.