## Swank's Estate.

*Wills—Construction—Life estate—Estate in fee—Rule in Shelley's Case—Devise to daughter.*

1. When "heirs" is employed in connection with remaindermen, the rule in Shelley's Case applies, unless other language in the will clearly demonstrates that the word was not intended in its technical sense as a term of limitation.

2. A devise to testator's widow for life and after her death to his "daughter and to her heirs, and, in and case of the death of [his] daughter without any heirs," then over, vests in the daughter, surviving her father and mother, an absolute estate in fee simple.

3. The provision for a devise over is given effect by making it apply to the daughter's death before the testator or his widow.

Argued April 11, 1921. Appeal, No. 192, Jan. T., 1921, by Stephen Miller, remainderman, from decree of O. C. Columbia Co., No. 1883, Term of 1919, dismissing exceptions to appraisement, in estate of Amanda E. Swank, deceased. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart and Schaffer, JJ. Affirmed.

Exceptions to appraisement on petition of surviving spouse under Act of June 7, 1917, P. L. 429, and July 11, 1917, P. L. 755. Before Harman, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Stephen Miller, remainderman, appealed.

*Error assigned* was above decree, quoting it.

*Samuel L. Borton,* for appellant.

*Charles C. Evans,* with him *W. S. Sharpless,* for appellee.

PER CURIAM, May 9, 1921:

The one question here involved concerns the interpretation of item 2 of the will of Henry C. Miller, deceased, and, particularly, what estate his daughter Amanda took under it.

Testator died April 9, 1862, survived by his widow, Phoebe, and his daughter, Amanda. The widow died July 16, 1891; the daughter died, intestate and without issue, May 19, 1919, having married Joseph C. Swank on September 2, 1897.

The will provides: "I give and bequeath unto my beloved wife Phoebe all my real estate and personal property of what kind or nature the same may be during her natural life, and from and immediately after her decease I give and devise the same unto my daughter, and to her heirs, and in case of the death of my daughter Amanda without any heirs, I give and devise the same unto Stephen Miller, son of Charles Miller, deceased."

Stephen Miller claims that Amanda had a life estate only, and, she having died May 19, 1919, without issue, he is entitled to the remainder in fee; while it is contended by Joseph C. Swank, surviving husband of Amanda, that she, having survived her father and mother, took an absolute estate.

This latter contention the court below correctly sustained. The devise is to Amanda and her heirs. When "heirs" is employed in connection with remaindermen, the rule in Shelley's Case applies, unless other language in the will clearly demonstrates that the word was not intended in its technical sense, as a term of limitation. The strong presumption arising from the use of technical words of limitation is not easily overcome; it may be rebutted, but it can be done by nothing short of affirmative evidence of a contrary intent, so clear as to leave no reasonable doubt (Harrison v. Harris, 245 Pa. 397; see also the opinion of our court in English's Estate, 270 Pa. 1). Here there is no such evidence; and we agree with the court below that, if, in view of the

prior limitation in fee, it is necessary to give any meaning to the testamentary provision added after such limitation, the proper construction is that the words—"in case of the death of my daughter, Amanda, without any heirs"—have reference to her death before the testator or his widow.

The decree is affirmed at cost of appellant.