## Keith v. Keith et al.

*W. I. Woodcock*, for petitioners.

PATTERSON, P. J., July 11, 1929.—By agreement of all parties interested in the estate of William Keith, late of North Woodbury Township, Blair County, Pennsylvania, deceased, the court is requested to enter a declaratory judgment construing a provision in the will of Thomas Keith, late of said North Woodbury Township, deceased, dated Oct. 3, 1903, and duly probated in the office of the Register of Wills in Blair County in Will Book, Vol. L, page 425.

Thomas Keith was the father of William Keith. William Keith died testate on March 15, 1909, leaving to survive him as his sole heirs-at-law his wife, Mary Keith, and an only child, Florence Keith, the will giving to the daughter, Florence Keith, the major portion of all testator's property. The widow, Mary Keith, refused to take under the will and demanded her share of the estate of the said William Keith under the Intestate Law. The question before us is whether William Keith, son of Thomas, was vested by the will of Thomas with an estate in fee or an estate limited for a term during his lifetime, the clause of said will under discussion being as follows: "I give and bequeath to my son, William Keith, that farm situated in North Woodbury Township, Blair County, Pennsylvania, known as the 'Upper Farm,' to have and to hold during his natural lifetime, after his death the said farm shall go to his legal heirs. Should he die without leaving a child or children of his own, the farm shall go to the next legal heir. It is my will that the farm should not go to any adopted child or children."

The widow, Mary Keith, contends that this clause in the will vested the said William Keith with an estate in fee simple, while the daughter contends that her father, William Keith, had but a life estate in the property and upon his death it became, by the terms of the will of the said Thomas Keith, vested in her absolutely.

This case comes within that class of cases governed by the Rule in Shelley's Case, which our Supreme Court has in many cases defined in the following language: "When, by deed or will, an estate in land is given to one for life, and at his death the remainder to his heirs in fee, the estate of the life-tenant is enlarged to be a fee. The two estates are merged in one and the first taker takes it all:" Gernet *v.* Lynn, 31 Pa. 94.

And in Hahne *v.* Meyer, 173 Pa. 151, the Supreme Court held: "A devise of a lot to a son 'to have and to hold during his natural life, and from and immediately after his death I give, devise and bequeath the same unto his heirs and assigns forever,' gives the son a fee in the lot."

This rule of law is also sustained by Stout *v.* Good, 245 Pa. 383; Swank's Estate, 270 Pa. 395; Martin *v.* Grinage, 289 Pa. 473, and many others.

We are of opinion, therefore, that William Keith became vested of an estate in fee simple in the property in question by the provisions of the will of his father, Thomas Keith.

From Robert W. Smith, Hollidaysburg, Pa.