## Chase Trust

*Zink, Shinehouse & Holmes,* for accountants.
*LaBrum & Doak,* for settlor.

KLEIN, P. J., June 8, 1956.—By irrevocable deed dated March 2, 1931, a copy of which, certified by counsel to be a true and correct copy, is annexed hereto, Charles T. Chase, Jr., transferred and assigned certain assets specified in schedule "A", annexed thereto, to the Real Estate Land Title and Trust Company of Philadelphia and Maurice W. Sloan, in trust to pay the net income therefrom to himself, for life, and at his death to pay over and convey the principal to such person or persons and upon such estate or estates as he might by will appoint, and in default of appointment, then to his heirs at law under the intestate laws of the State of Pennsylvania. Settlor also directed that the principal and income in the hands of the trustees should be free from the control, debts, liabilities and engagements of the settlor, and should not be subject to assignment by him, nor to execution or process for the enforcement of judgments or claims against him, with further provisions which it does not appear necessary to recite in this adjudication.

The fund presently accounted for was awarded to the present accountants by adjudication of this court, dated December 21, 1942, and the occasion of the filing of the present account was the death on May 18, 1955, of Maurice W. Sloan, Jr., substituted cotrustee.

Charles T. Chase, Jr., settlor and cestui que trust, is living and, at the audit on December 13, 1955, presented a petition for the termination of the trust, on the grounds that he is the only party in interest and desires to have the principal and accumulated income distributed to him, absolutely. By deed dated May 14, 1956, a copy of which is annexed hereto, the said Charles T. Chase, Jr., transferred and assigned, inter alia, the assets comprising the present trust estate to Girard Trust Corn Exchange Bank, in trust for himself in the manner therein described in detail, the details of which need not be recited in this adjudication.

Prior to Bowers' Trust Estate, 346 Pa. 85 (1943), a trust in this State could not be terminated by a decree of court unless all possible interests were duly represented in the suit and it also appeared that no purpose of any kind existed except the mere payment of money to the cestui que trust. If the life tenant's interest was subject to spendthrift limitations this in itself was sufficient to prevent a termination of the trust. See Rehr v. Fidelity-Philadelphia Trust Co., 310 Pa. 301 (1933), and the other cases cited in the footnote on page 88 of Bowers' Trust Estate.

In Bowers' Trust Estate, supra, the Supreme Court reversed its previous rulings and adopted the rule of the restatement to bring Pennsylvania in line with practically all other jurisdictions. Restatement of the Law of Trusts, §339, states:

"If the settlor is the sole beneficiary of a trust and is not under an incapacity, he can compel the termination of the trust, although the purposes of the trust have not been accomplished."

The Supreme Court held, further, that the existence of spendthrift provisions served no effective purpose because a settlor cannot create a valid spendthrift trust in his own property for his own use as against his creditors. The trust in that case was accordingly terminated. To the same effect see Schellentrager v. Tradesmens National Bank and Trust Company, 370 Pa. 501 (1952), in which the Supreme Court held that the recital of irrevocability does not prevent termination by an agreement of all beneficiaries.

The question remaining for us to decide is whether Charles T. Chase, Jr., is the only person who has any interest in the present trust.

The settlor retained for himself the right to receive all the income during his lifetime and also retained a general testamentary power of appointment over the principal, which in default of appointment passed to his "heirs-at-law under the intestate laws of the State of Pennsylvania".

The deed of trust was executed by the settlor on March 2, 1931, prior to the Act of July 15, 1935, P. L. 1013, which modified the application of the rule in Shelley's case. This act provided that grants or devises in trust, or otherwise becoming effective thereafter, which shall express an intent to create an estate for life, with remainder to the heirs of the life tenant, shall not operate to give such life tenant an estate in fee. Prior to the adoption of this statute, a gift to "A" for life, with remainder to his heirs, created a fee under the rule in Shelley's case: Hough v. Farmer's Bank and Trust Company, 359 Pa. 555 (1948); Glenn v. Stewart, 265 Pa. 208 (1919); Commonwealth Title Insurance and Trust Company v. Gross, 261 Pa. 476 (1918); Mylin v. Hurst, 259 Pa. 77 (1917); Reutter v. McCall, 192 Pa. 77 (1899). For further examples see cases cited in Hunter's Pa. Orphans' Court Commonplace Book, vol. 1 Estates 13(b).

Moreover, an absolute estate is not restricted by a superadded power to dispose of the property by will. It must be regarded as an affirmance of the fee, rather than as a restriction: Kidd's Estate, 293 Pa. 21 (1928); Wood's Estate, 261 Pa. 480 (1918); Shallcross Estate, 13 Phila. 374 (1880).

It, therefore, follows that the settlor in the present case was the sole beneficiary in the trust created by himself, being possessed of a fee simple title with the superadded power to dispose of the corpus by will. His request to terminate the trust will, therefore, be granted, and the balance for distribution shown by the present account will be awarded to Girard Trust Corn Exchange Bank, trustee under settlor's deed of trust, dated May 14, 1956.

And now, June 8, 1956, the account is confirmed nisi.