| 182 | 163 |
|---|---|
| 207 | 613 |

## William H. Sheeley v. J. R. Neidhammer, Appellant.

*Will—Rule in Shelley's case—" Children or legal heirs "—Devise.*

A devise of realty to one for life with the right to the proceeds, without the right of alienation, and after his death to " his children or legal heirs," vests in the first taker an estate tail, which under the Pennsylvania statute becomes an estate in fee simple.

Submitted April 26, 1897. Appeal, No. 127, Jan. T., 1897, by defendant, from judgment of C. P. Cumberland Co., Feb. T., 1897, No. 284, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Case stated to determine the title to real estate, as follows:

On October 30, 1888, Frederick J. Sheeley made his last will and testament, which was duly probated in the register's office of Cumberland county on March 10, 1888.

Among the provisions of the said will were the following:

" And to my two sons Samuel Sheeley and William H. Sheeley I sell my homestead farm for seven thousand dollars and of the same, I give bequeath and cancel for my two sons, Samuel Sheeley and William H. Sheeley, four thousand dollars as their share and portion of my worldly goods and estate. . . .

" And any money that any of my sons owes me or my estate they shall pay to me or my estate, but forever excepting the part or parts, portion or portions, I give and bequeath to them out of the several farms mentioned. And on the several sum or sums of money owing to me or my estate the said sons are

to pay no interest or any money owing by them to me or my estate after my demise unless payment or payments are unreasonably delayed.  It is my will and desire that my real and personal estate shall be worked and carried on and be conducted in my name until all my honest and lawful debts are paid and when all my debts are paid, then my four sons, Samuel Sheeley, William H. Sheeley, Andrew Sheeley, and Emanuel Sheeley shall pay or cause to be paid to my four daughters the following moneys or legacies.  To Elizabeth Fetrow and Catharine Fisher each one of them two hundred dollars yearly until they have paid to each one of them, the said Elizabeth Fetrow and Catharine Fisher, two thousand dollars taken together making four thousand dollars, the same being their share and any portion of my worldly goods and estate, and the same to bear no interest till paid, if paid in reasonable time and according to my will.

" And when Elizabeth Fetrow and Catharine Fisher are fully paid, then my four sons, Samuel Sheeley, William H. Sheeley, Andrew Sheeley and Emanuel Sheeley shall pay in like manner my other two daughters Anna Sheeley and Barbara Sheeley each two hundred dollars yearly until a thousand dollars is paid to each one of them, the said Anna and Barbara Sheeley together making two thousand dollars. . . .

" It is further my will and I do declare it that Samuel Sheeley shall work the farm that I give to him and William H. Sheeley and farm the same until my four daughters shares are fully paid, provided nevertheless that the said Samuel Sheeley shall use due diligence in performing his duty on said farm to the interest of himself and William H. Sheeley and to pay his own and the said William H. Sheeley's part of the legacies to my daughters and the said Samuel Sheeley to pay all necessary repairs on said farm and the taxes on the same until the legacies or share of my four daughters are fully paid, and after the legacies or share of my four daughters are fully paid the said William H. Sheeley to receive the proceeds of the said half of said undivided farm but forever prohibited from selling the said half or any part of said undivided farm forever.  Nevertheless the said William H. Sheeley to receive the proceeds during his natural life and when the children or legal heirs of William H. Sheeley come to the age of twenty-one years or more, then the said half of said farm to belong to the children or legal heirs of the said William H. Sheeley forever."

A copy of the whole of said will is hereto attached and made a part of this case stated.

On December 10, 1896, William H. Sheeley, the plaintiff, entered into an article of agreement with J. R. Neidhammer, the defendant, for the sale of his one undivided half interest in the farm so devised to them, Samuel Sheeley and William H. Sheeley, the said William H. Sheeley agreeing to execute a deed to the defendant in fee simple clear of all incumbrances and with clause of general warranty. The price to be paid for the interest of the plaintiff in said farm is $7,500 upon the execution and delivery of deed and delivery of the premises. A copy of said article of agreement is hereto attached and made a part of this case stated.

The deed as provided for in said agreement has been executed and tendered to the defendant, as well as possession of the farm, but the payment of the consideration has been refused because it is insisted upon by the defendant, J. R. Neidhammer, that, under the will of Frederick Sheeley, in the land devised to William H. Sheeley the latter took but a life interest in the same, and not a fee.

It is also a fact that the $4,000 directed to be paid by William H. Sheeley as provided for in the will of Frederick J. Sheeley, and also the payments of legacies directed to be paid by Samuel Sheeley, William H. Sheeley, Andrew Sheeley and Emanuel Sheeley to Elizabeth Fetrow, Catharine Fisher, Anna Sheeley and Barbara Sheeley have all been paid or settled, and that all honest and lawful debts due by the testator at his decease have also been paid.

If the court therefore should be of the opinion that William H. Sheeley, under the will of Frederick J. Sheeley, took a fee in the land devised to him, then judgment to be entered in favor of the plaintiff for the sum of $7,500 and costs. But if the court should be of contrary opinion, then judgment to be entered in favor of the defendant.

Either party to have the right to sue out an appeal to the Supreme Court without oath or bail.

The court, in an opinion by E. W. BIDDLE, P. J., entered judgment in favor of plaintiff for $7,500.

*Error assigned* was entry of judgment in favor of plaintiff.

*W. F. Sadler*, for appellant.—The restriction as to the alienation in paragraph 9 of the will, being in conflict with the fee given in a preceding part of the will, is admitted to be void by the appellant also : McIntyre v. McIntyre, 123 Pa. 329.

Although the testator has previously given a fee simple, he may restrain the generality of the devise, and convert what would otherwise have been a fee simple into an inferior interest : Haldeman v. Haldeman, 40 Pa. 29 ; Shalters v. Ladd, 141 Pa. 349.

" Children " has often been held to be a word of purchase, and not of limitation : Guthrie's App., 37 Pa. 9 ; Chew's App., 37 Pa. 23 ; Mannerback's Est., 133 Pa. 342.

*Caleb S. Brinton* and *L. S. Sadler*, for appellee, cited, Mason v. Ammon, 117 Pa. 127 ; Potts v. Kline, 174 Pa. 513 ; Potts v. Griesemer, 174 Pa. 516.

OPINION BY MR. JUSTICE WILLIAMS, July 15, 1897 :

The single question presented by this appeal is, what estate did William H. Sheeley take in the " homestead farm " under the will of his father? The provisions of the will from which an answer to this question must be gathered are four in number. In the first of these the testator says, " I sell my homestead farm to my sons Samuel and William H. Sheeley for seven thousand dollars ; " and of this sum he gives $2,000 to each of the sons, and charges them with $3,000, the balance of his valuation of the farm, to be paid to his estate. In the second provision he directs that Samuel shall have possession of, and operate, the farm, and pay out of the income derived therefrom the money charged upon it. The third provision directs that after the charges upon the farm are all paid " the said William H. Sheeley is to receive the proceeds of the said one half of the undivided farm but is forever prohibited from selling the said half or any part of the said undivided farm forever." By the fourth provision the testator undertakes to define the interest he wishes William H. to have under his will by these words : " Nevertheless the said William H. Sheeley to receive the proceeds during his natural life and when the children or legal heirs of the said William H. Sheeley come to the age of twenty-one years or more, then the said half of the said farm to belong to the children or legal heirs of the said William H. Sheeley forever."

If we take these several provisions together as expressive of the intention of the devisor in regard to the homestead farm we are led to the conclusion that Samuel was to have a fee simple in an undivided one half of it, and the possession and right to operate the other half so long as William lived.   Until the $3,000 charged on the farm was paid Samuel was to use the entire net. proceeds for their payment.   After this was accomplished one half of the net proceeds were to be paid by him to his brother William so long as he lived.   After William died the title to the undivided one half was to vest in his "children or legal heirs," and come into their possession when they became twenty-one years of age if their father was then deceased.   But the father took only for life, and with a distinct denial of the right of alienation.   The trouble in the way of carrying out the apparent intention of the testator is in the words employed to vest the remainder after the termination of the life estate.   The words are to "his children or legal heirs."   The words "legal heirs" are in this connection equivalent to "descendants," and the entire phrase has the force of the word "issue."   After the death of William the undivided half fell upon his issue, as such. A gift to the issue of any person is a gift to the "heirs of his body."   Both forms of .expression embody the same idea : Linn v. Alexander, 59 Pa. 43 ; Duer v. Boyd, 1 S. & R. 203.   If not so read the words "or legal heirs" become meaningless.   It was not the intent of the testator to provide an alternate class of distributees, but to secure to William's children or their children or representatives, the one half of the farm ; and the words "or legal heirs" coupled with the word "children" expresses just this thought.   It was the children or other legal heirs descending of William H. Sheeley who were to take the fee after the termination of his life estate : Braden v. Cannon, 24 Pa. 168.   The words employed by the testator must therefore be regarded as words of limitation, and having the same effect as a devise to one for life and to the heirs of his body in fee simple : Haldeman v. Haldeman, 40 Pa. 29.   Such a devise would create in the first taker an estate tail which, under the rule in Shelly's case and our statute, would enable him to pass the entire estate and bar the entail.

It may be, and we think it very probable, that this construction defeats the intention of the testator, but such is the com-

mon result of the application of the rule in Shelly's case. It is a highly artificial rule of construction, applied without regard to the actual purpose of the testator. Its wisdom is a question about which lawyers and judges differ, but it is too thoroughly imbedded in the law of this state to justify the courts from departing from it. If this is to be done it must be by legislative action, so as not to disturb estates in which it has been already applied.

The decree is affirmed. The appellant to pay the costs of this appeal.