# Wetherill's Estate.

*Wills—Construction—Rule in Shelley's Case—Words of purchase.*

Where testator devised a life interest in certain real estate to his sister, with remainder to a certain named nephew for life, with the provision that if such nephew should die before the death of the first taker the property should go "to my oldest surviving

nephew of the family name of Wetherill for and during the time of his natural life with remainder to his oldest son and his heirs in fee," and the nephew named died before the first taker, the court properly held that the oldest surviving nephew did not take a fee.

Argued Feb. 9, 1915. Appeal, No. 28, Jan. T., 1915, from judgment of C. P. Chester County, Jan. T., 1915, No. 33, for defendant on case stated, Henry E. Wetherill v. Hamilton H. Gilkyson, Jr. Before BROWN, C. J., POTTER, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Case stated to determine interest in land received under will.

Plaintiff agreed to convey to the defendant a good and marketable title in fee simple in and to the property in question, situate in Montgomery County, Pennsylvania. Plaintiff tendered a deed in fee simple on the date agreed upon but the defendant refused to accept the deed, alleging that plaintiff had not a good and marketable title in fee.

Title to the premises in question was derived by the plaintiff under the will of John M. Wetherill, who died on the sixteenth day of May, 1896, leaving a last will and testament dated February 17, 1892, duly probated in the office of the register of wills at Pottsville, Schuylkill County, Pennsylvania, and a certified copy thereof duly registered in the office of the register of wills at Norristown, Montgomery County, Pennsylvania.

Testator after making certain bequests and devises, gave, devised and bequeathed the rest, residue and remainder of his estate, including the said lands and tenements in Lower Providence Township, Montgomery County, to Francis D. Wetherill in trust inter alia, "To pay over to my sister, Rachel M. Hewson, in quarterly payments the first commencing on the first day of the year for and during the term of her natural life all the rent, revenue and income from the remainder of my estate," and further provided: "Upon the death of my

sister, Rachel, aforesaid In Trust further to transfer and convey all my real estate in Lower Providence Township (except the burial plot hereinbefore devised) Montgomery County, Pennsylvania, unto my nephew Alexander Stewart Wetherill (only son of my brother, Joseph Bloomfield Wetherill) for and during the term of his natural life with remainder in fee to his eldest son and his heirs, with the proviso that in the event of the death of my nephew the said Alexander Stewart Wetherill without male issue him surviving, the said real estate in Lower Providence Township, Montgomery County, shall go to and be vested in the same manner in my eldest nephew and family name of Wetherill then living, for and during the term of his natural life, with remainder in fee to his eldest son. Should my nephew who last receives this devise die leaving no son him surviving, then the said estate in Lower Providence Township, Montgomery County, shall go to and be vested in fee in the right heirs of the said nephew last receiving this said devise. And in the event of the death of my said nephew, Alexander Stewart Wetherill, aforesaid previous to the death of my sister, Rachel, aforesaid, then and in that event the said trustee is directed upon the death of my sister, Rachel, to assign and transfer as aforesaid all my said real estate in Lower Providence Township, Montgomery County, to my oldest surviving nephew of the family name of Wetherill for and during the term of his natural life, with remainder to his oldest son and his heirs in fee."

Rachel M. Hewson died November 19, 1901.

Alexander Stewart Wetherill died intestate September 2, 1914, unmarried and leaving no issue, Isabella M. Lefferts, his sister, being his sole surviving heir and next of kin.

At the time of the death of Alexander Stewart Wetherill, Henry E. Wetherill was the oldest nephew of the testator of the family of Wetherill then living, and was then and is now unmarried and without issue.

BUTLER, J., filed the following opinion:

The words of John M. Wetherill's will express a clear purpose, we think, to give the income of the property here involved, to Rachel M. Hewson for life; at her death to have it pass to Alexander Stewart Wetherill, for life, should he survive her, with the fee to his eldest son. Should Alexander, having survived her,—as he did —die without a surviving son—as he did—then the property should go to testator's oldest nephew of the family name of Wetherill then living, for life, with the fee to his eldest son. If this nephew should die without a surviving son, then the property should vest in the heirs of this nephew deceased. "This Nephew," just referred to, happens to be Henry E. Wetherill the plaintiff in the case stated, and in our opinion he does not, as is contended in his behalf, take a fee. The purpose plainly expressed by the testator was to give the nephew—who happens to be Henry E. Wetherill—a life estate, and to give the fee to this nephew's eldest son, and in the event of their being no surviving son to take the property, then to this nephew's heirs. Clearly, we think, the provision in favor of this nephew's eldest son, makes him a purchaser, and may not be treated as words of limitation, enlarging the life estate given to this nephew. The devise over is not to the nephew's children, nor even to his sons, but is descriptive of an exact, particular taker—his eldest son—and to him the testator directs the property to pass upon the death of the nephew.

Having concluded that the plaintiff does not have a fee in the property here involved, there is no occasion to venture anything further touching the interpretation of John M. Wetherill's will, and in accordance with the terms of the case stated, judgment must be, and herewith is directed to be entered in favor of the defendant.

Judgment was entered for defendant.

*Error assigned* was in entering judgment for defendant.

*J. Frank E. Hause,* with him *Daniel L. Evans,* for Henry E. Wetherill, appellant.

*J. Lawrence Wetherill,* for Isabella M. Lefferts, appellant.

*T. Walker Gilkyson,* of *Johnson & Gilkyson,* for appellee.

PER CURIAM, March 1, 1915:

This judgment is affirmed on the following from the opinion of the court below directing it to be entered: "Having concluded that the plaintiff does not have a fee in the property here involved, there is no occasion to venture anything further touching the interpretation of John M. Wetherill's will."

Judgment affirmed.