# McAfee, Appellant, *v.* Lehman.

*Wills—Life estates—Remainders—Children—Words of purchase —Rule in Shelley's Case.*

Where a testator devised certain real estate "to my nephew...... for and during the term of his natural life. At his death the same is devised to the child or children in fee," the nephew took but a life estate in the property; the rule in Shelley's Case did not apply, and the children took as purchasers, not by devolution from their father.

Argued March 6, 1916. Appeal, No. 84, Jan. T., 1915, by plaintiff, from judgment of C. P. Franklin Co., Feb. T., 1915, No. 79, for defendant, on case stated, in case of Thomas A. McAfee v. Roy M. Lehman. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Case stated to determine the nature and extent of plaintiff's interest in real estate.

GILLAN, P. J., filed the following opinion:

We are asked to dispose of this case immediately in order that it may be heard in the Supreme Court on the next return day for this district. This does not give us the time for consideration that the question involved deserves. Since, however, it will be carried to the Supreme Court whatever our judgment may be, the matter will be there finally and properly settled.

The case stated sets forth the following as the facts:

Thomas A. McAfee, the plaintiff, entered into an arti-

cle of agreement in writing by which he agreed to convey to the defendant, Roy M. Lehman, in fee simple two certain lots of ground situate in the Borough of Mercersburg, in consideration whereof defendant, Roy M. Lehman, agreed to pay to the plaintiff the sum of five thousand dollars ($5,000.00). The defendant refused to comply with this agreement because he says the plaintiff cannot convey the said real estate in fee simple. It is agreed that if the court be of opinion that the plaintiff can make a fee simple title for said lots of ground then judgment shall be entered for the plaintiff in the sum of five thousand dollars ($5,000.00). Otherwise judgment to be entered for the defendant. Costs to follow the judgment, each party reserving the right of appeal.

The plaintiff derived title to the said real estate by the will of James B. McAfee, dated 19th of September, 1911. James B. McAfee died on the 7th day of March, 1914. His will, which, since his death, has been duly probated, is as follows:

"I, James B. McAfee, of the Borough of Mercersburg, Franklin Co., Pa., being of sound and disposing memory and understanding, hereby make, publish and declare the following as and for my last will and testament, hereby revoking any and all wills by me at any time heretofore made.

"First: I direct that all just debts and funeral expenses be paid by my executor hereinafter named, as soon as he may find it convenient to do so.

"Second: I give, devise and bequeath the Mansion House with the stable and all other buildings and ground appurtenant, lying west of North Main street, and on both sides of Oregon street, in the Borough of Mercersburg, Pa., to my nephew, Thomas A. McAfee, for and during the term of his natural life. At his death, the same is devised to the child or children in fee. If Thomas A. McAfee shall die leaving no child or children him surviving, in that event the above described property is de-

vised to the children of my nephew, John McAfee. In no event shall John McAfee's children come into full possession of said property before they arrive at the age of thirty-five years. I also give and bequeath the big clock in the sitting room to my nephew, Thomas A. McAfee.

"Third: I give, devise and bequeath to Ellen Bennett, a house and lot now occupied by her for and during a term of her natural life. Said house and lot is situated on the east side of North Main street, Mercersburg, Pa. At her death the same shall be sold and the proceeds of sale shall go to the residue of my estate.

"Fourth: I give and bequeath to my nephew, Thomas A. McAfee, the sum of $4,000.00 to have and to hold the same in trust. To invest the same in good lawful securities, to collect and receive the income therefrom, and pay to Ellen Bennett the sum of twelve dollars and fifty cents ($12.50) per month on the first days of each and every month for and during the life of said Ellen Bennett. At her death, the principal sum of $4,000.00 shall go into the residue of my estate.

"Fifth: I direct that all the rest and residue of my estate, real, personal and mixed, shall be converted into cash, and the same shall be divided into two halves. The one-half shall be divided into eight shares as follows:

"One share to Kate Parker.

"One share to William Funk's children.

"One share to Annie Lackhover's children.

"One share to John M. Funk.

"One share to Edith Sheely.

"One share to Mark M. Funk.

"One share to Jacob Funk.

"One share to James Funk.

"The other half of my estate is to be divided into two shares, the one share to John McAfee, and the other share to Thomas A. McAfee. The residue of my estate is to be divided just the same as the rest of my estate.

"I authorize and empower my executor to sell and con-

vey all my real estate at public or private sale, to carry out the provisions of this my last will.

"I hereby nominate and appoint my nephew, Thomas A. McAfee, executor of this my last will and testament.

"Witness my hand and seal this nineteenth day of September, 1911.          "JAMES B. MCAFEE, (Seal)."

The property in controversy is that described in the second clause of the will. The question here is of course whether or not the plaintiff took an estate in fee tail which by the Act of April 27, 1855, P. L. 368, is enlarged into an estate in fee simple. Our first duty is to ascertain the intention of the testator. Having ascertained that intention we are to inquire whether or not any technical rule of law prohibits the intention being carried into effect. It will be observed that the testator nowhere in his will uses the words heirs, or issue. The words by which he devises the real estate are as follows:

"I give, devise and bequeath . . . . . . . to my nephew, Thomas A. McAfee, for and during the term of his natural life. At his death the same is devised to the child or children in fee. If Thomas A. McAfee shall die leaving no child or children him surviving, in that event the above described property is devised to the children of my nephew, John McAfee."

It will be observed that it is only by the latter part of the above recited clause that we can conclude that the "child or children in fee" refers to the children of Thomas A. McAfee the first taker. It will be further observed that the devise is to Thomas A. McAfee for life. Then in a separate clause "at his death . . . . . . to the child or children in fee." We are not informed by the case stated whether the said Thomas A. McAfee has any child or children. "The word child does not include . . . . . . heirs, heirs of the body or issue unless such interpretation is imperative or where the intention to use the word in a

broader sense a more extended signification appears from the context of the instrument in which it is employed."

7 Cyc. 125-127.

It seems to us from the plain language of this will that if Thomas A. McAfee have any child or children they take this estate in fee by devise to them under the will of James B. McAfee as purchasers and not derivatively from their father. As we have said, we are not informed whether Thomas A. McAfee has children or not but whether the estate pass eventually to the children of Thomas A. McAfee, or the children of John McAfee it is evident that it goes to them as a new stock. The will is plain so that the consideration of technical rules to aid in its construction is not necessary. We are of opinion the plaintiff is not seized in a fee simple title to the real estate described and can not thus convey it.

The court entered judgment for defendant upon the case stated. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*O. C. Bowers,* for appellant.

*G. W. Atherton,* for appellee, was not heard.

PER CURIAM, April 17, 1916:

The property which the appellant claims belongs to him in fee simple was devised to him for life only. Upon his death it passes to his children as purchasers, for the testator devised it to them. They take from him, and not by devolution from their father.

Judgment affirmed.