# Wetherill v. Lefferts.

*Wills—Life estates—Rule in Shelley's Case—"Son"—Word of
purchase — Residuary clauses — Construction—Intention—Act of
June 4, 1879, P. L. 88, Sec. 2.*

1. The word "son" is primarily a word of purchase and when
there is nothing in the context of the will indicating any intention
on the part of the testator to use it as a word of limitation the first
taker receives a life estate only.

2. Where a testator specifically devised certain real estate to a
nephew "for and during the term of his natural life, with remainder
in fee to his eldest son and his heirs," the inheritance in remainder

was not to the descendants of the devisee for life as heirs but as purchasers, the rule in Shelley's Case did not apply, and such devise failed by reason of the death of the devisee for life without issue.

3. In such a case where a subsequent clause of the will distributed the remainder of the estate among certain residuary devisees, there is no merit in the contention that the residuary devisees were entitled under the Act of June 4, 1879, P. L. 88, Sec. 2, to the property comprised in the devise to the nephew, but the intention of the testator was that the residuary devisees should take only what was left after the distribution of the real estate which had been specifically devised to the nephew and nothing more, and testator's heirs at law were entitled to the property devised to the nephew.

4. In such case, aside from testator's intention, the void devise, having formed a part of the residuary estate, disposed of by certain clauses of the will, could not fall back into that estate.

Argued Feb. 1, 1916. Appeals, Nos. 3 and 4, Jan. T., 1916, by plaintiffs and defendants, from judgment of C. P. Montgomery Co., June T., 1915, No. 121, for certain of the plaintiffs, on submission to court without a jury, in case of Henry E. Wetherill, F. D. Wetherill, Alexander M. Wetherill, May H. Van Meter, Samuel Wetherill, William Henry Wetherill, Rebecca G. Tupman, William Manning, William Manning, Jr., Isabella Manning, Rudolph Booraem, Mary Booraem, Elizabeth Booraem, Frances Booraem, Emily Miche, Isabella M. Lefferts, Charles S. Riche, Addinel Hewson, Emily H. Sadler, Ella Kitts and May H. Wetherill, Addinel Hewson and Rudolph Booraem, Trustees, v. Isabella M. Lefferts. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Petition, under the Act of June 10, 1893, P. L. 415, for issue to determine title to, and right to possession of real estate. Before SWARTZ, P. J.

From the record it appears that John M. Wetherill died May 16, 1896, leaving a will, bearing date February 17, 1892, its third and fourth clauses being as follows: "Third.—As soon as my debts my collateral inheritance tax and the above bequests (which said be-

quests are to be free from the charge of collateral inheri-
tance tax) are paid I devise and bequeath all the rest
residue and remainder of my estate both real and per-
sonal to my brother, Francis D. Wetherill, of the City of
Philadelphia, In Trust, however for the following uses
and purposes, viz: (a) To transfer and convey to the
trustees of the General Association of Free Quakers of
the City of Philadelphia the burial plot of forty feet
square heretofore described upon my farm in Fatland
to be held by the said trustees of the General Association
of Free Quakers as a burial place for those interred
therein and for any of the descendants of my father,
William Wetherill, or their husbands or wives who may
hereafter wish to be buried therein as well also as the
remains of any former members of the said General As-
sociation of Free Quakers who are at the time of proving
this my will buried in the graveyard of the Religious
Society of Free Quakers on Fifth street, near Spruce
street, in the City of Philadelphia, should it be deemed
advisable to remove the remains from their present rest-
ing place. And also to pay the said trustees of the Gen-
eral Association of Free Quakers out of the income of
my estate the sum of one thousand dollars (which sum
is hereby bequeathed) to be invested by the said trustees,
and held in trust as a principal sum, the interest thereof
to be appropriated and expended by the said trustees in
beautifying and keeping in order the said plot of burial
ground. (b) To pay over to my sister, Rachel M. Hew-
son in quarterly payments the first commencing on the
first day of the year for and during the term of her
natural life all the rent revenue and income from the re-
mainder of my estate after having deducted the one
thousand dollars heretofore bequeathed to the General
Association of the Free Quakers, trustees and the neces-
sary taxes, expenses and commissions chargeable upon
the said rent revenue and income. (c) Upon the death
of my sister, Rachel, aforesaid in trust further to trans-
fer and convey all my real estate in Lower Providence

Township (except the burial plot hereinbefore devised), Montgomery County, Pennsylvania, unto my nephew, Alexander Stewart Wetherill (only son of my brother, Joseph Bloomfield Wetherill), for and during the term of his natural life with remainder in fee to his eldest son and his heirs with the proviso that in the event of the death of my nephew, the said Alexander Stewart without male issue him surviving the said real estate in Lower Providence Township, Montgomery County, shall go to and be vested in the same manner in my oldest nephew of the family name of Wetherill then living for and during the term of his natural life with remainder in fee to his oldest son. Should my nephew who last receives this devise die leaving no son him surviving then the said real estate in Lower Providence Township, Montgomery County, shall go to and be vested in fee in the right heirs of the said nephew last receiving this said devise. And in the event of the death of my said nephew, Alexander Stewart, aforesaid, previous to the death of my sister, Rachel, aforesaid, then and in that event the said trustee is directed upon the death of my sister, Rachel, to assign and transfer as aforesaid all my real estate in Lower Providence Township, Montgomery County, to my oldest surviving nephew of the family name of Wetherill for and during the term of his natural life with remainder to his oldest son and his heirs in fee. (d) Upon the further trust upon the death of my sister, Rachel, aforesaid, to convey and transfer all my real estate in Cumru Township, Berks County, Pennsylvania (being the premises known as the Beidler farm with the fifty-four acres timber land) unto my nephew, Charles Swift Riche, son of my sister, Elizabeth Ramsey Riche, and his heirs in fee. In the event of the death of my nephew, Charles Swift Riche, previous to my sister, Rachel, aforesaid, it is my will that the said aforementioned land in Cumru Township shall go to and be conveyed to the right heirs of said Charles Swift Riche upon the death of my sister, Rachel, as aforesaid. Fourth.—I

hereby direct the said trustee hereby appointed, viz: my brother, Francis D. Wetherill (in further execution of the trust aforesaid) upon the death of my sister, Rachel, aforesaid, to divide and distribute all the rest residue and remainder of my estate, real and personal, as near equally as may be among all my brothers and sisters that may then survive my sister, Rachel, except that in said division and distribution the daughters of my sister, Rachel, her surviving, and the daughters of my deceased sister, Sarah Macomb Hough, surviving my sister, Rachel, shall together for the purposes of this devise and bequest be considered as together one of my sisters and shall together in equal portions receive one distributive share of said portion of my estate so to be distributed. Should my sister, Rebecca G. Tupman, now living at Harrow, England, become entitled to receive one of the distributive shares aforesaid under the provisions of my will it is my will that the said trustee shall not assign and transfer the said share to her but shall hold the same in trust for her use and benefit for and during the term of her natural life she to receive the net revenue and income thereof, and upon her death the estate so held for her share shall be divided and distributed in equal portions among my brother and nieces aforenamed or their heirs according to the same system observed and pursued in the original distribution and division of this part of my estate. The trustee of this my estate hereby appointed or his successors shall have full power to sell any of my real estate except the land and tenements in Lower Providence Township, Montgomery County, and Cumru Township, Berks County."

Rachel M. Hewson, the life tenant named in the third clause of the will, died November 19, 1901. Alexander Stewart Wetherill died intestate September 2, 1914, unmarried and without issue, leaving as his sole heir and next of kin a sister, Isabella M. Lefferts. At the time of Alexander's death, Henry E. Wetherill was the oldest living nephew of the testator bearing the name of Weth-

erill, and was then, and is now, unmarried and without issue. The heirs at law of John M. Wetherill, the tes· tator, are Isabella M. Lefferts, niece, a daughter of Joseph Bloomfield Wetherill, deceased, William Henry Wetherill, a brother, F. D. Wetherill, a brother, Rebecca G. Tupman, a sister, Alexander M. Wetherill, May H. VanMeter, Samuel Wetherill, Devisees under the will of Samuel Wetherill, deceased, May H. Wetherill, devisee under the will of Alexander M. Wetherill, deceased, Charles S. Riche, Addinel Hewson, devisee under the will of Alexander M. Wetherill, deceased, Charles S. Riche, son of Elizabeth Riche, deceased, Mary Riche, Rudolph Booraem, Mary Booraem, Elizabeth Booraem and Frances Booraem, heirs of Mary C. Booraem, William Manning, William Manning, Jr., Isabella Manning, heirs of Isabella Manning, Rudolph Booraem and Addinel Hewson, trustees under the will of Rachel M. Hewson for Rachel M. Hewson and Thomas G. Hewson, May H. Sadler and Ella Kitts, daughter of William Hewson, deceased. The residuary devisees who take under the fourth paragraph of testator's will are F. D. Wetherill, Alexander M. Wetherill, May H. VanMeter, Samuel Wetherill, William Henry Wetherill, Rebecca G. Tupman, William Manning, William Manning, Jr., Isabella Manning, Rudolph Booraem, Mary Booraem, Elizabeth Booraem, Frances Booraem and Emily Riche. Isabella M. Lefferts, being in possession of the real estate of the testator, in Lower Providence Township, Montgomery County, devised by the third clause of his will, filed her petition in accordance with the provisions of the Act of June 10, 1893, P. L. 415, praying the court to settle and determine the title and right of possession in and to the said premises. The court thereupon framed issues, which were tried without a jury. The parties to the issues were (1) Henry E. Wetherill, plaintiff, and Isabella M. Lefferts, defendant; (2) the residuary devisees under the fourth clause of the will of John M. Wetherill, plaintiffs, and Isabella M. Lef-

ferts, defendant; (3) the heirs at law of John M. Wetherill, plaintiffs, and Isabella M. Lefferts, defendant. It was contended: (1) on the part of Henry E. Wetherill, that he was entitled to a life estate with a remainder to his eldest son in fee; (2) on the part of the residuary devisees specified in the fourth paragraph of testator's will, that they were entitled to a vested estate in remainder after the death of Henry E. Wetherill; (3) on the part of the heirs at law of John M. Wetherill, that they were entitled to a vested estate in remainder after the death of Henry E. Wetherill; (4) on the part of Isabella M. Lefferts, that she was entitled to a fee simple estate and right of possession in the premises.

The conclusions of the court below were: "1. Alexander Stewart Wetherill, under the devise in the will of John M. Wetherill, was not seized of a fee in the Lower Providence premises, and, therefore, Isabella M. Lefferts did not inherit this property as his heir and next of kin. 2. Henry E. Wetherill, the oldest nephew of the testator of the family name of Wetherill, living at the death of Alexander Stewart Wetherill, took a life estate in the said property situate in Lower Providence Township, upon the death of the said Alexander. The devise over, if the said Alexander should die without a son surviving, is limited to the oldest nephew living at Alexander's death, and does not embrace the whole series of nephews. There is no intent found in the will that the oldest in succession, after Henry's death, without a son, should take a life estate in the property. 3. The fee in remainder, after the death of Henry E. Wetherill, cannot vest in his oldest son nor in the right heirs of the said nephew. It is a limitation too remote, because it may not take effect within a life or lives in being and twenty-one years thereafter. 4. The void ulterior devises of the fee in remainder, after the death of Henry E. Wetherill, do not destroy or invalidate the prior life estate given to him. 5. The remainder devised after the life estate to Henry E. Wetherill being in violation of

the rules against perpetuities is void.   6.  This remainder does not pass into the residue which the testator divides and distributes, under the fourth clause of his will.  The Lower Providence property was itself a part of the rest, residue and remainder devised by the testator.  It was part of the residue of the testator's estate which he distributed by the third clause of the will at the same time that he divided the balance of the said residue under the fourth clause of his will, to wit: at the death of his sister, Rachel."

The judgment was "That the said Henry E. Wetherill has a life estate and right of possession in the Lower Province property, fully described in Exhibit A, and that the remainder in fee in the said property with the right of possession upon the termination of the life estate of the said Henry E. Wetherill is in William Henry Wetherill, F. D. Wetherill, Rebecca G. Tupman, Alexander M. Wetherill, May H. VanMeter, Samuel Wetherill, and F. D. Wetherill, Isabella M. Lefferts, May H. Wetherill, Charles S. Riche, Addinel Hewson, Emily Riche, Rudolph, Booraem, Mary Booraem, Elizabeth Booraem and Francis Booraem, William Manning, William Manning, Jr., Isabella Manning, Rudolph Booraem and Addinel Hewson, trustees, Emily H. Sadler, Ella Kitts, the heirs at law of John M. Wetherill, according to their respective interests under the intestate laws, as heirs of the said John M. Wetherill."   Isabella M. Lefferts and the residuary devisees specified in the fourth clause of the testator's will appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law of the trial judge and the judgment of the court.

*J. L. Wetherill,* of *White & Wetherill,* and *T. Walter Gilkyson,* of *Johnson & Gilkyson,* with them *Larzelere, Wright & Larzelere,* for appellant.

*Allan I. Huckins,* with him *Daniel L. Evans,* for appellee.

*Walter C. Douglas, Jr.,* for heirs-at-law, appellees.

OPINION BY MR. CHIEF JUSTICE BROWN, July 1, 1916:

The property which is the bone of contention between Isabella M. Lefferts, the sole heir and next of kin of Alexander Stewart Wetherill, and the heirs at law and residuary devisees of John M. Wetherill, the testator, is what he calls in his will his "real estate in Lower Providence Township, Montgomery County." Mrs. Lefferts contends that Alexander Stewart Wetherill took a fee in the said real estate under the third clause of his uncle's will, and, having died intestate, the same descended to her as his only heir. The devise of the real estate to Alexander Stewart Wetherill was "for and during the term of his natural life with remainder in fee to his eldest son and his heirs." The remainder was given to the eldest son of the nephew Alexander, and to the heirs of that son. The inheritance in remainder was not to the heirs of the devisee for life as heirs, and the rule in Shelley's Case is without application: Guthrie's App., 37 Pa. 9. The word "son" is primarily a word of purchase, and, there being nothing in the context of the will of the testator indicating any intention on his part to use it as a word of limitation, the correct conclusion of the learned court below was that Alexander Stewart Wetherill took but a life estate in the property: Stout v. Good, 245 Pa. 383. In Wetherill's Est, 248 Pa. 355, in which the same clause of the will was under consideration, this court construed the words "oldest son," used in connection with the devise of the real estate to another nephew, in the event of the death of Alexander Stewart Wetherill without leaving a son, to be words of purchase, and held that the substitutionary devisee did not take a fee.

On appeal No. 4 to the current term the residuary

devisees of the testator question the correctness of the conclusion of the court below that the estate in remainder is vested in his heirs at law, their contention being that, the devise having failed, it became part of the residuary estate devised to them under the fourth clause of the will. The Act of June 4, 1879, P. L. 88, provides that, "unless a contrary intention shall appear by the will, such real estate or interest therein as shall be comprised or intended to be comprised in any devise in such will contained, which shall fail or be void by reason of the death of the devisee in the lifetime of the testator, or by reason of such devise being contrary to law or otherwise incapable of taking effect, shall be included in the residuary devise, if any, contained in such will."

In claiming the estate in remainder the residuary devisees assume that the fourth clause of the will disposes of all the residuary estate of the testator. This view was not sustained by the learned court below, and we cannot regard it as correct. It is conceded that if the fourth clause of the will is not the residuary clause, the said devise passes to the testator's heirs at law. By the third clause of his will he disposes of a part of his residuary estate, and by the fourth he gives, upon the death of his sister, Mrs. Hewson, to a designated class what he had not specifically devised in the preceding clause. A specific devise in the third clause is of the real estate in controversy. At the time fixed by the testator in the fourth clause for the distribution of the remainder of his residuary estate his real estate in Lower Providence Township, Montgomery County, constituting a part of his residuary estate specifically devised by the third clause, was to pass to a named nephew, if living for life, with remainder to his eldest son; and if such nephew should have died without issue, then to another nephew, with remainder over. What, then, was the manifest intention of the testator as to what should pass under the fourth clause of his will? He clearly in-

tended that his brothers and sisters living at the time of Mrs. Hewson's death should take, at the time fixed by him for the final distribution of his estate, what was left after the provisions of the third clause of his will had been carried out, and nothing more. He manifestly did not intend that what he had directed Francis D. Wetherill, as trustee, to convey to his nephew, Alexander Stewart Wetherill, upon the death of Mrs. Hewson, should ever become a part of his residuary estate, disposed of by the fourth clause of his will. Nothing was given by it to the brothers and sisters except what was distributable upon the death of Mrs. Hewson, and this could not have included the land in controversy. In view of the clear intention of the testator, as gathered from the third and fourth clauses of his will, the contention of the residuary devisees, that they take the testator's farm in Lower Providence Township, Montgomery County, under the fourth clause of the will, cannot be sustained. Aside from the testator's intention, the void devise having formed a part of his residuary estate, disposed of by the third and fourth clauses of the will, would not fall back into that estate: Gray's Est., 147 Pa. 67; Waln's Est., 156 Pa. 194.

Each appeal is dismissed and the judgment is affirmed.