# Hesse's Estate.

*Wills—Construction—Rule in Shelley's Case.*

1. Where testator devised land to a son "for and during his natural life" and after his death "to his children and to their heirs and assigns forever," the son takes a life estate only, and the rule in Shelley's Case does not apply.

*Wills—Construction—Former decision.*

2. In considering former decisions as bearing on the construction of a will, the court will keep in mind that the construction placed on the will under examination depends on its particular wording, and, in interpreting the language, though general terms or phrases be used in the opinion filed, such will not necessarily control the view which may be taken of a subsequent document where somewhat similar words are used.

*Estoppel—Petition to sell real estate—Recital—Life estate—Fee simple estate.*

3. Where a devisee under a will joins in a petition to the orphans' court to sell land, and describes his interest therein as one for life, he is not estopped thereafter, in proceedings to distribute the proceeds of the sale, from asserting that he was the owner of the land in fee.

4. In such case, petitioner's minor children, through their guardian, claiming the fee, cannot set up an estoppel, inasmuch as they were in no way injured by such recital in the petition.

Argued April 28, 1924. Appeal, No. 97, Jan. T., 1924, by Edward C. Hesse, petitioner and son of testator, from decree of C. P. Erie Co., Nov. T., 1922, No. 121, dismissing petition to pay over purchase money of real estate in re Estate of Henriette Hesse, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition to pay over purchase money of real estate. Before CLARK, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Edward C. Hesse, petitioner and son of testator, appealed.

*Error assigned* was decree, quoting it.

*Charles A. Martens,* with him *Robert L. Firman,* for appellant.

. *S. Y. Rossiter,* with him *Otto Herbst,* for appellee.

OPINION BY MR. JUSTICE SADLER, May 19, 1924:

Henriette Hesse died, leaving a will dated August 30, 1911, which was duly probated. She divided into four parts a tract of land in the City of Erie, owned by her, and devised one piece to each of her children. In the case of three, the share was given each named, and his or her heirs or assigns forever, and, as to these portions, there can be no doubt that a fee simple title passed. A distinction was made as to the fourth, and the devise was to him "for and during his natural life. And after the death of my said son, Edward Hesse, I give, devise and bequeath the same to his children and to their heirs and assigns forever."

In 1919, upon petition, a guardian was appointed for the two children of Edward, and the father joined in a request to the orphans' court that the land in question be sold for the sum of $6,000. It was then stated that the property had vested in the minors, subject to the life estate of the father. The sale was made, and the purchase price paid to the Erie Trust Company, guardian. Later, the father, insisting that he took a fee simple title in the real estate devised, requested the court to make an order that the proceeds of sale be transferred to him. The answer filed, though admitting the facts as stated, denied the legal conclusion that the will, above referred to, gave to Edward more than a life estate in the land, or its proceeds. After hearing, the learned court below dismissed the petition, and from the decree entered this appeal is taken.

The sole question raised is the applicability of the rule in Shelley's Case, which directs "that, whenever a

man, by any gift or conveyance, takes an estate of free-
hold, and, in the same gift or conveyance, an estate is
limited, either mediately or immediately, to his heirs in
fee or in tail, the word 'heirs' is a word of limitation and
not of purchase" (34 Cyc. 1819); and, if a fee tail, then,
by virtue of the Act of April 27, 1855, P. L. 368, the estate
becomes absolute. A reference to the many Pennsyl-
vania cases dealing with this subject, and upholding the
principle announced, would be useless, but, in consider-
ing any recorded decision, it must be kept in mind that
the construction placed upon the will under examination
depends on its particular wording, and, in interpreting
the language, though general terms or phrases be used in
the opinion filed, such will not necessarily control the
view which may be taken of a subsequent document
where somewhat similar words are used: Porter v. Bry-
ant, 273 Pa. 435.

The rule in Shelley's Case is a fixed rule of law, not
depending on the intention of the decedent; in fact it
generally does violence thereto, and is applied even con-
trary to the expressed direction of the maker: Glenn v.
Stewart, 265 Pa. 208. When, from a view of the whole
instrument, it is apparent that its author intended to
establish a new line of inheritable succession from the
first taker, and not through the writer, then the prin-
ciple is controlling, even though other words be used
which indicate a purpose to limit to a life estate, and this
is what was held in Lauer v. Hoffman, 241 Pa. 315, the
case relied on by appellant here. This decision neces-
sarily rested upon the facts which there appeared, and
is to be distinguished from those here present, for, by
the will of Mrs. Hesse, not only was an intention clearly
shown to limit the estate of Edward to one for life, in
contradistinction to the devises to the other three chil-
dren, but there is no indication of a purpose to establish
a new line of descent through him, since the will, after
giving the limited estate, expressly provides that upon
his death "I give, devise and bequeath the same to his

children, and to their heirs and assigns forever," thus showing that the latter were to take from the testatrix, and not by a new line of descent through the son. The children, and those who came after them, were to benefit directly from their grandmother.

Cases are to be found in Pennsylvania where the use of phrases, such as here appear, has been the matter of discussion by this court, but, as before noted, each is dependent on the particular existing facts. There are reported decisions in which it has been held that the rule in Shelley's Case applied, and a fee passed, when the estate was given to one for life, and then to the children or legal heirs (Sheeley v. Neidhammer, 182 Pa. 163; Shapley v. Diehl, 203 Pa. 566), but, in the instances referred to, it was clearly evident that those in remainder took as a new line of inheritable succession from the first taker, and not from the testator himself. Ordinarily, however, a devise to children, either directly or in remainder, gives them an estate as purchasers (Whiteley's Est., 273 Pa. 364; McAfee v. Lehman, 253 Pa. 319; Whetherill v. Lefferts, 254 Pa. 484), and, under such circumstances, the rule has no application. We so hold in the present case, and conclude that Edward took but a life estate.

An additional suggestion is made, that the petitioner here is estopped from making claim for a larger interest, in view of the fact that he joined in the petition asking for the sale of the land, and in which he described his interest as one for life. The court below properly held that the others concerned, i. e., the minor children, were not in any way injured by such application, and their guardian was in no position to claim an estoppel: cf. Nelson's Est., 278 Pa. 416. Notwithstanding the able argument of counsel for the appellant, we are convinced that a proper conclusion was reached, and the only assignment of error, which complains of the dismissal of the petition, is overruled.

The decree is affirmed at the cost of appellant.