## Wilcox's Estate.

*Edmund E. Jones,* for petitioner.

JONES, J., March 13, 1928.—Petition by Ozro M. Wilcox, son of William S. Wilcox, deceased, and his children, under the Uniform Declaratory Judgments Act for a declaratory judgment as to their respective rights and interests in the estate of William S. Wilcox, under the following provision in his will:

"I will and devise to my son, Ozro M. Wilcox, the use of the farm known as the homestead farm, containing about one hundred and twelve acres, during his life, and after his death to descend to his children, share and share alike."

This bequest was subject to certain charges, which have been fully complied with.

Can Ozro M. Wilcox convey a *fee simple* title by deed of conveyance to any part or all of the real estate devised in said clause without the joinder of his children in such deed of conveyance?

The question raised is the applicability of the rule in Shelley's Case, which directs: "That whenever a man, by any gift or conveyance, takes an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs in *fee* or in *tail,* the word 'heirs' is a word of limitation and not of purchase; and if a *fee tail,* then, by virtue of the Act of April 27, 1855, P. L. 368, the estate becomes absolute."

In Hesse's Estate, 280 Pa. 581, it was stated that this rule is a fixed rule of law, not depending on the intention of the decedent. . . . When, from a view of the whole instrument, it is apparent that its author intended to establish a new line of inheritable succession from the first taker, and not through the writer, then the principle is controlling, even though other words be used which indicate a purpose to limit to a life estate.

There are many cases dealing with this subject where the use of phrases, such as appears in this will, has been the matter of much discussion. In the Hesse case, *supra*, it was said: "There are reported decisions in which it has been held that the rule in Shelley's Case applied, and a *fee* passed, when the estate was given to one for life, and then to the children or legal heirs, but, in the instances referred to, it was clearly evident that those in remainder took as a new line of inheritable succession from the first taker, and not from the testator himself." Ordinarily, however, a devise to children, either directly or in remainder, gives them an estate as purchasers, and in the Hesse case it was held that the rule had no application, because the testator gave to his son "for and during his natural life," and after the death of the son "I give, devise and bequeath the same to his children and to their heirs and assigns forever."

There the son and his children took through the testator, and there was no new line of inheritable succession established. That seems to be the principle controlling in such cases.

In the case of Glenn *v.* Stewart, 265 Pa. 208, the testator devised as follows: "I give and bequeath to my son, James A. Glenn, his farm, with a direction that he 'shall not alien, sell, assign, mortgage or in any manner encumber any of the lands or real estate above bequeathed to him by me during his natural lifetime, but the same shall descend to his legal heirs.'" In construing this clause, the court said: "The word 'heirs' is a word of limitation and not of purchase, . . . and the plaintiff, as the child of James A. Glenn, inherits from him and not as a devisee under the will of Walter Glenn. This thought is emphasized in the last clause above quoted, 'the same shall descend to his (James A. Glenn's) legal heirs. The use of the word 'descend' clearly makes the first taker the source of title for his heirs."

That case is very similar to the case at bar, the only distinction being in the use of the word "children" instead of "heirs," but in law the distinction is wiped out by virtue of the Act of 1855, *supra*.

In Lauer *v.* Hoffman, 241 Pa. 315, the language was as follows: "I give and devise to my said wife . . . my real estate, . . . she to have and to hold the same for and during the term of her natural life, . . . and immediately after the death of my said wife, I give and devise the said real estate to my only child and daughter, Susan, for and during the term of her natural life, . . . and after the death of my said daughter, the said real estate shall descend to and become vested in the children of my said daughter, should she have any, in *fee simple*, but in no event whatever shall the *fee simple* to the said real estate vest in my wife or my daughter during their lifetime or the lifetime of either of them."

In construing this clause, it was held that it was clear that the testator intended to give his daughter but a life estate in the property, but it was also clear that, in giving her that life estate, testator intended to make her a source of inheritable succession, and she, therefore, took a fee under the unbending rule in Shelley's Case as applied in this State, and that the remaindermen were not to take from him but from his grantee or devisee of a life estate to which he had attached an inheritable succession in his grantee or devisee.

Without any further elaboration or discussion or further reference to any other authorities, we are clearly convinced that the rule in Shelley's Case applies and that Ozro M. Wilcox took a fee simple title to the homestead farm, and we, therefore, decide and decree that he has the right to give and grant a fee simple title by deed of conveyance to any part or all of the real estate devised to him in the will of his father.

From Frank P. Slattery, Wilkes-Barre, Pa.